CEM

FILED
JANUARY 18, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| MICHAL NAWROT, )  |  |
|     Plaintiff, ) |  |
| ) |  |
| v. ) | No: |
| ) | Judge: |
| COUNTY OF COOK, ILLINOIS, a ) | Mag. Judge: |
| municipal corporation, THOMAS ) |  |
| DART, SHERIFF OF COOK COUNTY, ) |  |
| in his official capacity, and ) | Jury Trial Demanded |
| COOK COUNTY SHERIFF'S DEPARTMENT,) |  |
| a municipal corporation. ) |  |
|     Defendants. ) |  |

**08 C 462**

**JUDGE ST. EVE**
**MAGISTRATE JUDGE KEYS**

**CIVIL COMPLAINT**

NOW COMES MICHAL NAWROT, Plaintiff, by and through his attorney, The Law Firm of Rowe & Associates, and complains of the COUNTY OF COOK (hereinafter "County"), a municipal corporation, THOMAS DART, SHERIFF OF COOK COUNTY (hereinafter "Dart"), in his official capacity, and COOK COUNTY SHERIFF'S DEPARTMENT (hereinafter "Department"), a municipal corporation, (collectively hereinafter "Defendants"), as follows:

**JURISDICTION & VENUE**

1. This Court has jurisdiction over this controversy because it is among citizens of the State of Illinois and is an action involving claims for violation of Plaintiff's rights under 8 CFR 287.7(d) and 42 U.S.C. § 1983.

2. This Court is the proper venue for this action pursuant to 28 U.S.C. 1391(b) because the acts complained of and from which this case arises occurred within this Northern District, and the parties to this action reside in this Northern District.

**PARTIES**

3. Plaintiff, Michal Nawrot, at the time of the alleged incidents from which this case arises, was a resident of the village of River Grove, Illinois, County of Cook, State of Illinois.

4. Defendant, Thomas Dart, was the Sheriff of Cook County, and a resident of the County of Cook, State of Illinois, at the time of the alleged incidents from which this case arises.

5. The County of Cook, and the Cook County Sheriff's Department, are municipal corporations duly incorporated in the State of Illinois.

**FACTS COMMON TO ALL COUNTS**

6. On or about August 17, 2007, Plaintiff was held in the custody of the Cook County Sheriff's Department, incarcerated at the Cook County Jail located at or near 2650 S. California in Chicago, Illinois.

7.  On or about August 17, 2007 Plaintiff appeared before a Judge presiding in the Cook County Courthouse, whereat said Judge granted Plaintiff a D-bond, and set Plaintiff's bond at $65,000.00, requiring the posting of 10%, or $6,500 to secure his release from the Cook County Sheriff's Department and/or Cook County Jail.

8.  On or about August 17, 2007, bond in the amount of $6,500.00, was posted for Defendant's release.

9.  After Defendant's bond was posted, Defendant was informed by unknown Sheriff's of the Cook County Sheriff's Department stationed at the Cook County Jail, that he was under a hold (hereinafter "ICE Hold") placed by the Department of Immigration and Customs Enforcement (hereinafter "ICE"), and could not be released from the County or Department's custody.

10. Pursuant to the ICE Hold, Plaintiff continued to be incarcerated at the Cook County Jail following the posting of his bond.

11. On or about, and until, August 23, 2007, Plaintiff remained incarcerated at the Cook County Jail, under the custody of the Cook County

>     Sheriff's Department, despite his numerous demands for release.

12. Pursuant to 8 CFR 287.7(d), upon determination by the Department of Immigration and Customs Enforcement to issue a hold for an alien not otherwise detained by a criminal justice agency, such agency shall maintain custody of the alien for a period not to exceed 48 hours, excluding Saturday, Sundays, and holidays in order to permit assumption of custody by the Department.

## COUNT I
**FALSE IMPRISONMENT IN VIOLATION OF 42 U.S.C. §1983**

¶(1)- ¶(12) Plaintiff incorporates by reference ¶(1)- ¶(12) of this Complaint, as if fully alleged herein in this Count I.

13. Pursuant to 8 CFR 287.7(d), upon determination by the Department of Immigration and Customs Enforcement to issue a hold for an alien not otherwise detained by a criminal justice agency, such agency shall maintain custody of the alien for a period not to exceed 48 hours, excluding Saturday, Sundays, and holidays in order to permit assumption of custody by the Department.

14. Plaintiff's continued incarceration at the Cook County Jail by the Department, Cook County

      Sheriff's under the control of Dart, and the County beyond the period of time authorized by 8 CFR 287.7(d) was unlawful.

15. Defendants had no other legally justifiable grounds for Plaintiff's continued incarceration beyond the period of time authorized by 8 CFR 287.7(d), and thereby committed the tort of false imprisonment.

16. Dart, County, and the Department have a policy and practice, in violation of 8 CFR 287.7(d), of detaining inmates beyond the date/time that they are to be released so as to accommodate ICE's and/or County's pick-up and transportation schedule.

17. Dart's, County's, and the Department's failure to adequately train, supervise, and discipline its employees with regard to 8 CFR 287.7(d), and deliberate indifference to the constitutional rights of those incarcerated under the custody of Defendants, violates Plaintiff's rights under the Fourth Amendment of the Constitution of the United States, and 42 U.S.C. §1983.

18. Defendants' actions, as alleged herein, were malicious, willful, wanton, and/or grossly

        negligent, and caused Plaintiff to suffer damages.

19. Defendants' actions, as alleged herein, were the proximate cause of Plaintiff's damages.

**WHEREFORE**, Plaintiff prays for judgment against Defendants in an amount in excess of $500,000.00 in actual or compensatory damages; and because Dart, Department, and County acted maliciously, willfully, wantonly, and/or with gross negligence, $1,000,000.00 in punitive damages; plus the costs of this litigation, reasonable attorney's fees, and such other relief as this Honorable Court deems appropriate.

**COUNT II**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

¶(1)- ¶(12) Plaintiff incorporates by reference ¶(1)- ¶(12) of this Complaint, as if fully alleged herein in this Count II.

13. Defendants, and each of them, intended to cause Plaintiff severe emotional distress by the following intentional acts or omissions where Defendants acted or conspired to act in the following manner:

    a. Detained Plaintiff in a cell at the Cook County Jail without any legally justifiable cause;

    b. Denied Plaintiff the protections afforded to him under the Fourth Amendment of the United States Constitution prohibiting his unlawful seizure;

    c. Refusing to permit Plaintiff's release from the Cook County Jail pursuant to CFR 287.7(d), as Plaintiff demanded.

14. As a direct and proximate result of one or more of these intentional, willful, and wanton acts, Plaintiff sustained severe emotional distress, causing him to incur actual damages.

15. Defendants' conduct was extreme, outrageous, and beyond all possible bounds of decency.

16. Defendants knew that there was at least a high probability, and actually intended that, their acts would cause Plaintiff severe emotional distress and physical injury.

17. The misconduct outlined above is so egregious as to warrant imposition of punitive damages.

**WHEREFORE**, Plaintiff prays for judgment against Defendants in an amount in excess of $500,000.00 in actual or compensatory damages; and because Dart, Department, and County acted maliciously, intentionally, willfully, and wantonly, $1,000,000.00 in punitive damages; plus the costs

of this litigation, reasonable attorney's fees, and such other relief as this Honorable Court deems appropriate.

## COUNT III
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

¶(1)- ¶(12) Plaintiff incorporates by reference ¶(1)- ¶(12) of this Complaint, as if fully alleged herein in this Count III.

13. Defendants, and each of them, negligently caused Plaintiff severe emotional distress by the following grossly negligent acts or omissions where Defendants:

   a. Failed to adequately train, supervise, and discipline its employees with regard to 8 CFR 287.7(d);

   b. Exhibited deliberate indifference to the constitutional rights of Plaintiff while under the custody of Defendants, in violation of Plaintiff's rights under the Fourth Amendment of the Constitution of the United States and 42 U.S.C. §1983;

   c. Detained Plaintiff in a cell at the Cook County Jail without any legally justifiable cause;

   d. Denied Plaintiff the protections afforded to him under the Fourth Amendment of the United

       States Constitution prohibiting his unlawful seizure;

    e. Refused to permit Plaintiff's release from the Cook County Jail pursuant to 8 CFR 287.7(d), as Plaintiff demanded.

14. As a direct and proximate result of one or more of these grossly negligent acts, Plaintiff sustained severe emotional distress, causing him to incur actual damages.

15. Defendants' conduct was grossly negligent and beyond all excusable bounds of decency.

16. Defendants knew, should have known, or can reasonably be expected to have known, that there was at least a high probability their acts would cause Plaintiff severe emotional distress and physical injury.

17. The misconduct outlined above is so egregious as to warrant imposition of punitive damages.

**WHEREFORE**, Plaintiff prays for judgment against Defendants in an amount in excess of $500,000.00 in actual or compensatory damages; and because Dart, Department, and County acted with such gross and inexcusable negligence, $1,000,000.00 in punitive damages; plus the costs of this

litigation, reasonable attorney's fees, and such other relief as this Honorable Court deems appropriate.

## COUNT IV
**DENIAL OF EQUAL PROTECTION UNDER 42 U.S.C. §1983**

¶(1)- ¶(12) Plaintiff incorporates by reference ¶(1)- ¶(12) of this Complaint, as if fully alleged herein in this Count IV.

13. Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

14. The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that no state shall deny any person the equal protection of the laws.

15. Defendants' actions as alleged herein were motivated by animus towards Plaintiff's immigration status.

16. Prior to and during the actions as complained of herein, Defendants acted in such manners as alleged in this Complaint without cause or justification because of Plaintiff's immigration status.

17. Defendants were acting "under color of state law."

18. Defendants purposefully singled out Plaintiff for unequal treatment based on his immigration status.

19. Defendants' actions do not serve any sufficient, legitimate government interest.

20. As a proximate result of Defendants' denial of equal protection, Plaintiff sustained damages, as well as injuries in the form of mental and emotional pain and suffering.

21. Defendants deprived Plaintiff of the equal protection of the laws in violation of Plaintiffs' rights under the Fourteenth Amendment to the U.S. Constitution. Defendants are, therefore, liable to Plaintiff under 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiff prays for judgment against Defendants in an amount in excess of $500,000.00 in actual or compensatory damages; and because Dart, Department, and County acted maliciously, intentionally, willfully, and wantonly, $1,000,000.00 in punitive damages; plus the costs

of this litigation, reasonable attorney's fees, and such other relief as this Honorable Court deems appropriate.

## COUNT V
## DENIAL OF DUE PROCESS UNDER 42 U.S.C. § 1983

¶(1)- ¶(12) Plaintiff incorporates by reference ¶(1)- ¶(12) of this Complaint, as if fully alleged herein in this Count V.

13. Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

14. The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that no state shall deprive any person of life, liberty, or property, without due process of law.

15. The individual Defendants' conduct violated Plaintiff's right to due process.

16. Defendants conspired, each of them and amongst themselves, to deprive Plaintiff of his right to release pursuant to 8 CFR 287.7(d). In so doing, Defendants deprived Plaintiff of his liberty without a lawfully justifiable basis, in violation of Plaintiffs' due process rights.

17. As a result of Defendants' actions, Plaintiff was deprived of his liberty, forced to miss work, and most egregiously, forced to remain incarcerated in the Cook County Jail beyond the time he was lawfully entitled to be released.

18. As a result of Defendants' violation of Plaintiff's constitutional right to due process, Plaintiff suffered emotional injuries including mental and emotional damage and trauma, humiliation, loss of wages, loss of liberty, mental distress and anguish.

**WHEREFORE**, Plaintiff prays for judgment against Defendants in an amount in excess of $500,000.00 in actual or compensatory damages; and because Dart, Department, and County acted maliciously, intentionally, willfully, and wantonly, $1,000,000.00 in punitive damages; plus the costs of this litigation, reasonable attorney's fees, and such other relief as this Honorable Court deems appropriate.

Plaintiff demands trial by Jury as to all Counts.

Respectfully Submitted,
/s/ James R. Rowe
Attorney for Plaintiff

James R. Rowe
The Law Firm of Rowe & Associates
205 W. Randolph, Suite 1430
Chicago, Illinois 60606
(312) 345-1357 tel
(312) 896-0212 fax
ARDC# 6279720

Case 1:08-cv-00462   Document 1   Filed 01/18/2008   Page 14 of 14