**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAL NAWROT, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 462 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Amy St. Eve |
| COUNTY OF COOK, ILLINOIS, a | ) | |
| Municipal corporation, THOMAS DART, | ) | Magistrate Judge |
| SHERIFF OF COOK COUNTY, in his official | ) | |
| Capacity, and COOK COUNTY SHERIFF'S | ) | |
| DEPARTMENT, a municipal corporation. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

NOW COME Defendants COOK COUNTY SHERIFF'S DEPARTMENT, and COOK COUNTY, by their attorney Richard A. Devine, State's Attorney of Cook County, through his assistant, Jamie M. Sheehan, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, move this Honorable Court to dismiss the Plaintiff's Complaint for the failure to state a claim upon which relief may be granted insofar as it seeks to bring suit against a non-suable entity, namely the Cook County Sheriff's Department, and to hold Cook County liable for the acts of the Sheriff or one of his employees, In support thereof, the Defendants state as follows:

### I. INTRODUCTION

On August 17, 2007, after a bond hearing, plaintiff Michal Nawrot was taken into custody by the Cook County Sheriff. Later that same evening a relative posted the required bond, but plaintiff was told he would remain in custody due to an" ICE hold" (Immigration and

Custom Enforcement) which had been placed against him. Plaintiff was ultimately released into the custody of the Immigration Department on August 23, 2007.

Plaintiff has now filed suit against Cook County Sheriff Tom Dart, the Cook County Sheriff's Department, and the County of Cook alleging false imprisonment, denial of due process, denial of due process, intentional infliction of emotional distress, and negligent infliction of emotional distress.

In support of his claim, plaintiff cites to Federal Law, 8 C.F.R. 287.7 (d), a law applicable to Field Officers of the Department of Homeland Security, which states that the object of the "hold" can be detained for a period of forty-eight hours, excluding weekends and holidays, to allow the Field Officer of the Department of Homeland Security to pick up the individual. Plaintiff argues that, pursuant to this section of the Federal Code, he should have been released no later than August 21, 2007 and therefore, the Cook County Sheriff is liable for an unlawful detention of his person for a forty-eight hour period.

## II. STANDARD OF REVIEW

Under Rule 12(b)(6) a claim may be dismissed if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (*quoting Hishon v. King & Spaulding,* 467 U.S. 69, 73 (1984). In reviewing a motion to dismiss, a district court's review is limited to the four corners of the complaint. *Gomez v. Illinois State Bd. of Ed.,* 811 F.2d 1030, 1039 (7th Cir. 1987). The court should take the well-pleaded factual allegations of the complaint and view them, as well as reasonable inferences drawn from them, in the light most favorable to the plaintiff. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). Nevertheless, while a district court will dismiss a complaint when no relief can be granted under a set of facts consistent with the allegations, the court should not strain to find inferences not plainly apparent

from the face of the complaint. *Hishon*, 467 U.S. at 73. Furthermore, it should be noted, "litigants may plead themselves out of court by alleging facts that may establish defendants' entitlement to prevail." *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998).

### III. ARGUMENT

#### A. The Cook County Sheriff's Department Is Not A Legal Entity That Is Capable Of Being Sued, And Should Be Dismissed.

Federal courts are governed by state law in determining whether defendants are amenable to suit.  Fed. R. Civ. P. 17(b).  In Illinois, a defendant must have a legal existence, either natural or artificial, to be subject to suit.  *Jackson v. Village of Rosemont*, 180 Ill. App. 3d 932, 536 N.E.2d 720, 723 (1988).  The courts of this district have long held that departments within a governing unit lack the necessary separate legal existence. *Mayes v. Elrod*, 470 F. Supp. 1188, 1192 (N.D.Ill. 1979); *Jordan v. City of Chicago Department of Police*, 505 F. Supp. 1, 4 (N.D.Ill. 1980); *Reese v. Chicago Police Department*, 602 F. Supp. 441, 443 (N.D.Ill. 1984);  *Payne v. Cook County Hospital*, 719 F.Supp. 730, 733-34 (N.D.Ill. 1989).

Illinois law specifically provides that the Sheriff is to keep and maintain an office, and that its powers and duties are exercised at his discretion. 55 ILCS 5/3-6019.  Moreover, facilities that are operated by a governing body also lack the necessary separate legal existence to be sued. *Jackson*, 536 N.E. 2d at 723.

The Cook County Sheriff's Department lacks the necessary separate legal existence to be sued. See *Conway v. Cook County*, 98 C 5324 1999 U.S. Dist. LEXIS 236 (N.D. Ill. Jan. 7, 1999), *Magnuson v. Cassarella*, 812 F.Supp. 824, 827 (N.D. Ill. July 9, 1992). The Cook County Sheriff's Department is a building and/or organizational structure which the Sheriff operates and/or utilizes to perform his duties as an elected official.  Accordingly, the Cook County Sheriff's Department should be dismissed as a defendant.

**B.  The County Cannot Be Held Liable For The Alleged Conduct Of The Sheriff**

As a matter of law, the Sheriff and his deputies are not county employees and, as a result, the County cannot be held liable for the alleged conduct of the Sheriff or his deputies.  See *Moy v. County of Cook*, 159 Ill. 2d 519, 640 N.E.2d 926, 931 (1994) (holding that "the sheriff is a county officer and, as such, is not in an employment relationship with the County of Cook" and "therefore, the county may not be held vicariously liable for the sheriff's alleged negligent conduct.")  accord *O'Connor v. County of Cook,* 787 N.E.2d 185, (1st Dist. March 10, 2003) (following *Moy* and holding that the County does not "bear any vicarious liability for the acts and omissions of the Sheriff and his staff.")

Indeed, the Sheriff of Cook County is an independently elected constitutional officer who answers only to the electorate, not to the County government.  *Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989), cert. denied, 495 U.S. 929 (1990), accord *Ryan v. County of DuPage*, 45 F.3d 1090, 1092 (7th Cir. 1995) (dismissing the plaintiff's Section 1983 claims against DuPage County based upon the alleged conduct of the DuPage County Sheriff and stating that "it is plain that the county was properly dismissed; Illinois sheriffs are independently elected officials not subject to the control of the county.")  Cook County deputy sheriffs and employees of the Department of Corrections are appointed by the Sheriff and perform all of their duties in the name of the Sheriff.  See 745 ILCS 5/3-6008 and 5/3-6015.  The County lacks the authority to establish any policies concerning training or the performance of duties by employees of the Sheriff's office. *Thompson*, 882 F.2d at 1187.

Because the Sheriff and his employees have no employment relationship with the County, the County cannot be held liable for the alleged misconduct of any individual working for the Sheriff.  See *Moy*, 640 N.E.2d at 931.  Moreover, even if the deputies were County

employees, under § 1983, there is no respondeat superior liability. *Perkins v. Lawson*, 312 F.3d. 872, 875 (7th Cir. 2002)

The Seventh Circuit has recently recognized that in Section 1983 claims against Illinois sheriffs, Illinois counties have a duty to indemnify judgments or settlements entered against sheriffs or their deputies, and are accordingly necessary and indispensable parties for purposes of indemnification. See *Carver v. Sheriff of LaSalle Co.,* 324 F.3d 947 (7th Cir. 2003). Plaintiff, has not asserted a *Carver* indemnification claim, but rather, has attempted to assert direct or vicarious liability claims against the County.

WHEREFORE, for the foregoing reasons, Defendant Cook County respectfully requests that the Court dismiss plaintiffs' liability claims against the County, as set forth in the complaint, in their entirety with prejudice, maintain the County as a party defendant solely for the purposes delineated in *Carver v. Sheriff of LaSalle Co., Id.,* and enter such other and further relief as the Court may deem necessary and appropriate.

## CONCLUSION

Based upon the foregoing, Defendant Cook County Sheriff's Department, and Cook County, request that this honorable court dismiss the Complaint and grant such additional relief as the court deems appropriate.

Respectfully Submitted,

RICHARD A. DEVINE
State's Attorney of Cook County

By: S:/ Jamie M. Sheehan
Assistant State's Attorney
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-6772